# MICHAEL HUESTON
### ATTORNEY AT LAW

16 COURT STREET  
SUITE 1800  
BROOKLYN, NEW YORK 11241

Tel: (718) 246-2900  
Fax: (718) 246-2903  
Email: mhueston@nyc.rr.com

ADMITTED NY

October 30, 2019

**BY ECF**

The Honorable Denny Chin  
United States Circuit Court Judge  
Second Circuit Court of Appeals  
40 Foley Square  
New York, New York 10007

Re:  *United States v. Lin Li*, 02 Cr. 271 (DC);  
*United States v. Lin Li,* 03 Cr. 567 (DC);  
*Lin Li v. United States,* 18 Civ. 8640 (DC);  
*Lin Li v. United States,* 18 Civ. 8642 (DC).

Your Honor:

I represent Mr. Lin Li in the above-referenced matters and write in further support of his *pro se* motions to vacate, set aside, or correct his sentences pursuant to 28 U.S.C. § 2255.

On September 19, 2005, Mr. Li pled guilty to Count 10 of 02 Cr. 271 (S.D.N.Y.); and Counts 37, 39, and 40 of 03 Cr. 567 (S.D.N.Y.). Count 10 of 02 Cr. 271, and Counts 37 and 40 of 03 Cr. 567 charged him with conspiring to commit robberies in violation of 18 U.S.C. § 1951, and Count 39 of 03 Cr. 567 charged him with using and carrying a firearm in relation to an armed robbery in violation of 18 U.S.C. § 924(c)(1)(A)(ii).

On February 14, 2016, this Court sentenced Mr. Li to 228 months' imprisonment. Specifically, with respect to 02 Cr. 271, the Court sentenced Mr. Li to 108 months' imprisonment to be served concurrently with the sentence imposed in 03 Cr. 567, and 5 years supervised release. With respect to 03 Cr. 567, the Court sentenced Mr. Li to 108 months' imprisonment regarding Counts 37 and 40 to be served concurrently and run consecutively with the Court sentence of 120 months' imprisonment regarding Count 39, and 5 years supervised release.

On September 19, 2018, Mr. Li filed his *pro se* applications to vacate, set aside, or correct his sentences pursuant to 28 U.S.C. § 2255.

By letter dated July 25, 2019, the Government conceded that, in light of the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019), Mr. Li's conviction on Count 39 of 03 Cr. 567 cannot stand and consented to vacating the conviction.

As directed by the Court, on October 23, 2019, the Department of Probation filed a supplemental presentence report. Probation has determined that Mr. Li is not precluded from resentencing on 03 Cr. 567, but excluded from resentencing on 02 Cr. 271. After conferring with the defense, Probation agrees that Mr. Li's new Guidelines analysis results in a total adjusted offense level of 31, and a resulting Guidelines range of 108 to 135 months.[1]

Mr. Li has been incarcerated since February 1, 2005, and served nearly 177 months' incarceration. His projected release date is January 3, 2022.

Mr. Li's 18 U.S.C. § 924(c)(1)(A)(ii) conviction at Count 39 of 03 Cr. 567 should be vacated and dismissed. That count charged that in November 2001, in the Southern District of New York and elsewhere, Lin Li, Hing Wah Gau and FNU LNU, a/k/a "Fu Chow Boy," used, brandished and possessed a firearm during and in relation to the crimes charged in Count 37 of 03 Cr. 567, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii). Count 37 of 03 Cr. 567 charged that in November 2001, in the Southern District of New York and elsewhere, Lin Li, Hing Wah Gau and FNU LNU, a/k/a "Fu Chow Boy," and others conspired, to commit robbery upon the occupants of a business on East Broadway in New York, New York, and thereby did affect commerce, pursuant to 18 U.S.C. § 1951.

The parties do not dispute that Count 37 of 03 Cr. 567 does not qualify as a "crime of violence". *See United States v. Barrett*, 2019 U.S. App. LEXIS 26461 at *3 ("We are obliged to vacate Barrett's Count Two conviction because [*United States v. Davis*, 139 S. Ct. at 782] precludes us from concluding, as we did in our original opinion, that Barrett's Hobbs Act robbery conspiracy crime qualifies as a § 924(c) crime of violence."). Thus, the appropriate remedy is to vacate and dismiss Mr. Li's conviction of Count 39 of 03 Cr. 567, and enter an amended judgment reflecting the remaining convictions. These counts carry a maximum term of imprisonment of 20 years, pursuant to 18 U.S.C. § 1951, and a period of supervised released of not more than 3 years, pursuant to 18 U.S.C. § 3583(b)(2).

The defense also submits that the judgment of conviction in 02 Cr. 271 should be amended to reflect that its sentence continues to run concurrently to the new sentence imposed in 03 Cr. 567, and reflect the new supervised release period of not more than 3 years.

Further, pursuant to 18 U.S.C. § 3553(a), Mr. Li requests that the Court sentence him to concurrent sentences on the remaining counts, in 03 Cr. 567, at the lowest end of the new Guidelines range. This would be a reasonable outcome given Mr. Li's history and characteristics. With respect to the instant offenses, Mr. Li is fairly characterized as a

---

[1] Probation initially determined that Mr. Li's new Guidelines analysis results in a total adjusted offense level of 32, and a resulting Guidelines range of 121 to 151 months. However, after conferring, Probation has agreed that Mr. Li's total adjusted offense level is actually 31, because Count 37 of 03 Cr. 567 results in an offense level of 31, Count 10 of 02 Cr. 271 results in an offense level of 29, and Count 40 of 03 Cr. 567 results in an offense level of 25. As per U.S.S.G. § 3D1.4, the highest offense level is increased by 3 more levels totaling 34. Then 3 levels are reduced for acceptance of responsibility resulting in a total adjusted offense level of 31. With a Criminal History Category of I, Mr. Li's range is 108 to 135 months.

conspirator and participant.  He was not a leader.  He has accepted responsibility for his conduct.  Furthermore, while Mr. Li has had some infractions during incarceration, the defense submits that he has been sufficiently punished for them by the Bureau of Prisons.  Further, his prison record shows that he has generally adjusted to incarceration and rehabilitation, including showing a steady work record.

The defense also notes that pursuant to 18 U.S.C. § 3553(a), this Court may consider, as a mitigating factor, that Mr. Li faces deportation as a result of his conviction.  *See* 8 U.S.C. § 1101(a)(43)(J); and 8 U.S.C. § 1227(a)(2)(iii) ("Any alien who is convicted of an aggravated felony at any time after admission is deportable.").  *See United States v. Chong*, 2014 U.S. Dist. LEXIS 135664, at *32-33 (E.D.N.Y. 2014) ("Critical to the determination of an appropriate sentence is the likelihood that [a] defendant will be deported as a result of his conviction.  As discussed ... this basic fact is relevant to each of the Section 3553(a)(2) factors.").

Accordingly, Mr. Li requests that his applications be granted.

                Respectfully,

                s/
                Michael Hueston

cc:    A.U.S.A. David Felton